EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Reina Davis Pérez | 2017 TSPR 180 <br><br> 198 DPR ____ |

Número del Caso: TS-5814

Fecha:  24 de octubre de 2017

Abogado de la promovida:

> Por derecho propio

Programa de Educación Jurídica Continua:

> Lcdo. José Ignacio Campos Pérez
> Director

Materia:  Conducta Profesional –La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Reina Davis Pérez                    TS-5814

**PER CURIAM**

En San Juan, Puerto Rico, a 24 de octubre de 2017.

Nuevamente nos vemos en la obligación de sancionar a un abogado por no cumplir con los requerimientos de este Tribunal y por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC).

**I**

El 14 de abril de 1978 admitimos a la práctica de la abogacía a la Lcda. Reina Davis Pérez y el 12 de diciembre de 1978 a la práctica de la notaría. Según consta en el expediente, en el 2012 le fue cursado un aviso de incumplimiento con los requerimientos del PEJC para el periodo comprendido desde el 1 de octubre de 2009 hasta el 30 de

septiembre de 2011. En este aviso se le concedió un término de sesenta días para tomar los cursos correspondientes. Por el incumplimiento de la letrada, el PEJC la citó a una vista informal ante un oficial examinador. Luego de que se celebrara la vista informal y se presentara el informe correspondiente, el 16 de abril de 2015 el PEJC concedió a la licenciada un término de treinta días para que cumpliera con los requisitos pertinentes. Le apercibió que, de persistir su inobservancia, el asunto sería referido a este Tribunal Supremo.

Así las cosas, el 9 de agosto de 2016 compareció ante nosotros el Director Ejecutivo del PEJC y presentó un informe en el cual notificó que la licenciada había incumplido los requisitos del programa desde el 2009. Informó, incluso, que ésta tampoco había cumplido los requisitos del programa para el periodo que comprende desde el 1 de octubre de 2011 hasta el 30 de septiembre de 2013, lo cual había sido notificado a la letrada el 22 de noviembre de 2013.

Examinada la comparecencia del Director del PEJC y la *Contestación a informe sobre incumplimiento con requisito de educación jurídica* presentada por la licenciada Davis Pérez, el 16 de septiembre de 2016 emitimos una resolución concediéndole un término de noventa días para cumplir con los requisitos del PEJC. Transcurrido dicho término, ésta no compareció a cumplir con nuestra orden. De hecho, el 10

de enero de 2017 el Director del PEJC presentó una *Certificación* en la cual hizo constar que, a pesar de que la letrada había tomado los cursos del periodo de 2009-2011, ésta no había cumplido con los periodos posteriores del programa. Así las cosas, el 7 de febrero de 2017 tomamos conocimiento de que la licenciada Davis Pérez cumplió con el periodo de 2009-2011. Empero, al quedar descubiertos los periodos de 1 de octubre de 2011 al 30 de septiembre de 2013 y de 1 de octubre de 2013 al 30 de septiembre de 2016, le concedimos un término de sesenta días para completar los créditos que necesitaba para cumplir con los periodos mencionados y que se mantenían en incumplimiento.

No obstante, el 18 de abril de 2017 el Director del PEJC presentó otra *Certificación* en la cual informó que aún se mantenían incumplidos los periodos señalados. Aunque era evidente que la letrada incumplió con nuestras órdenes, el 12 de mayo de 2017 conferimos un término final de sesenta días adicionales para completar los créditos del periodo de 2011-2013. Pese a lo anterior, esta Curia recibió otra certificación de 10 de agosto de 2017 en la cual se nos informa la subsistencia del incumplimiento de la letrada con el PEJC.

Expuesto el marco de hechos que precede, pasemos a discutir los fundamentos por los cuales decretamos la suspensión de la abogada.

## II

La educación jurídica continua es una exigencia que emana de nuestro poder para reglamentar la profesión legal. La misma tiene el propósito de que los abogados y abogadas ejerzan sus funciones de manera ética y con competencia y calidad. Por lo tanto, el abogado que incumple con estos requerimientos le falta el respeto a este Tribunal y atenta contra la ciudadanía en cuanto a la garantía que tiene de obtener servicios legales competentes que aseguren un acceso adecuado a la justicia.[1] Esto además incide en el deber que tiene todo abogado y abogada de mantener un alto grado de excelencia y competencia, según establecido en el Canon 2 de Ética Profesional, 4 LPRA Ap. IX.[2] Particularmente, el Canon 2, *supra,* dispone que con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Como consecuencia, en reiteradas ocasiones, este Tribunal se ha visto obligado a suspender indefinidamente a abogados que

---

[1] Véase In re Piñeiro Vega, 188 D.P.R. 77 (2013).

[2] In re Casale Villani, 2017 TSPR 100, 198 DPR ___ (2017). Véase In re Cepero Rivera *et al.*, 2015 TSPR 119, 193 DPR 1021 (2015).

desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas.[3]

Si bien en *In re: Periodo de exoneración para el pago de multas por cumplimiento tardío establecidas al amparo del Reglamento del Programa de Educación Jurídica Continua*, 2017 TSPR 114, 198 DPR ___ (2017), concedimos un periodo de gracia en el cual los abogados podían cumplir tardíamente con el PEJC sin tener que pagar multas, ello no constituye una abdicación de nuestro poder para exigir a la clase togada el cumplimiento durante este año con los créditos del PEJC. La exoneración que concedimos mediante nuestra *Resolución* es clara:

> […] En aras de propiciar el cumplimiento adecuado con los requisitos mínimos de educación jurídica continua, se dispone un periodo de exoneración de un (1) año **para el pago de multas por cumplimiento tardío emitidas por el Programa**, a comenzar el 1 de julio de 2017 hasta el 30 de junio de 2018. A partir de la entrada en vigor de la exoneración, **se suspenderá temporalmente para todos los profesionales del Derecho la obligación de satisfacer las multas** por cumplimiento tardío adeudadas por periodos vencidos o que venzan durante el periodo de exoneración.
>
> **Durante dicho periodo los profesionales del Derecho que se encuentren en incumplimiento deberán satisfacer** el total de horas créditos de educación jurídica continua adeudadas para todos sus periodos, incluyendo aquellos cuyo vencimiento ocurra durante el periodo de exoneración.** Transcurrido este año, el Programa iniciará una evaluación del cumplimiento de cada uno de los profesionales del Derecho y determinará las instancias en las que se cumplió

---

[3] *In re Zambrana Ortiz*, 2017 TSPR 111, 198 DPR ___ (2017). Véanse además: In re Arroyo Acosta, 192 DPR 848, 852 (2015); In re Rivera Trani, 188 DPR 454, 459-460 (2013).

oportuna y satisfactoriamente con el total de horas crédito adeudadas para todos los periodos vencidos en o antes de culminado el plazo de exoneración. (Énfasis y subrayado suplido).

La referida resolución se emitió con el objetivo de incentivar a la clase togada a que se pusieran al día durante el periodo que allí señalamos con el beneficio de no tener que pagar las multas por cumplimiento tardío. De hecho, nótese que la propia resolución dispone expresamente que "[d]urante dicho periodo los profesionales del Derecho que se encuentren en incumplimiento deberán satisfacer el total de horas créditos de educación jurídica continua adeudadas para todos sus periodos". En ese sentido, ésta no constituye una renuncia de nuestra parte a ordenar el cumplimiento con el programa ni a que los miembros de la profesión no tengan la obligación de observar rigurosamente los demás requisitos.

El Canon 9 del Código de Ética Profesional, *supra*, precisamente, impone a la clase togada el deber de observar una conducta que se caracterice por el mayor respeto. Esto conlleva el deber de "contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes".[4] Por ello, hemos expresado que todo abogado tiene la obligación de observar rigurosamente los

---

[4] In re Zambrana Ortiz, *supra*.

requerimientos de este Tribunal.[5] El incumplimiento con esa obligación es altamente reprochable y puede acarrear la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión.[6] Es decir, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede suspenderlo inmediatamente del ejercicio de la profesión.[7] En cuanto a esto hemos afirmado que

> [e]ste Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante nuestro Foro. Bajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9 [de Ética Profesional].[8]

Finalmente, cabe mencionar que las obligaciones impuestas en el Canon 9, *supra,* se extienden a los requerimientos de la Oficina del Procurador General, de la

---

[5] Véanse In re Cepero Rivera *et al., supra*; In re Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011).

[6] Íd.

[7] In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009).

[8] In re Asencio Márquez, 183 DPR 659, 664 (2011).

Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua.[9]

III

La licenciada Davis Pérez incumplió con los requisitos del PEJC desde el 2011. Ello de por sí es causa suficiente para que este Tribunal ejerza su facultad disciplinaria sobre esta letrada. No obstante, esta no es la única falta que la letrada cometió. Además de faltar a su deber de mantener al día sus obligaciones respecto a la educación jurídica continua, la licenciada Davis Pérez desatendió reiteradamente los requerimientos emitidos por este Tribunal para que cumpliera con los créditos de educación jurídica continua. Esta conducta denota una patente desidia por parte de la abogada.

Surge del expediente que fueron varias las oportunidades que le concedieron a la letrada antes de que el Director del PEJC trajera el asunto ante nuestra consideración. Igualmente, este Tribunal le concedió términos en distintas ocasiones para cumplir con los créditos correspondientes. Sin embargo, no tenemos conocimiento de que las circunstancias hubieran cambiado y de que la letrada cumpliera con nuestras órdenes. Ello constituye, de por sí, una violación al Canon 9 del Código de Ética Profesional, *supra*, y es suficiente para

---

[9] In re Montañez Melecio, 2017 TSPR 15, 197 DPR ___ (2017).

suspender inmediata e indefinidamente a la licenciada Davis Pérez de la profesión.

### IV

Por los fundamentos que anteceden, *suspendemos indefinidamente de la práctica de la abogacía y la notaría a la Lcda. Reina Davis Pérez. Como consecuencia, su fianza notarial queda automáticamente cancelada.*

*La Sra. Reina Davis Pérez deberá notificar a todos sus clientes su inhabilidad de seguir representándolos e informar inmediatamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico en donde tenga asuntos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión per curiam y Sentencia.*

*El Alguacil de este Tribunal deberá incautar la obra protocolar de la señora Davis Pérez, incluyendo el libro de Registro de Testimonios y su sello notarial, y entregarlos al Director de la ODIN para la correspondiente investigación e informe.*

*Notifíquese personalmente esta Opinión per curiam y Sentencia a la Sra. Reina Davis Pérez a través de la oficina del Alguacil de este Tribunal.*

*Se dictará sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Reina Davis Pérez                    TS-5814

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de octubre de 2017.

Por los fundamentos expuestos en la Opinión *per curiam* que antecede, los cuales se hacen formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía y la notaría a la Lcda. Reina Davis Pérez. Como consecuencia, su fianza notarial queda automáticamente cancelada.

La Sra. Reina Davis Pérez deberá notificar a todos sus clientes su inhabilidad de seguir representándolos e informar inmediatamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico en donde tenga asuntos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *per curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra protocolar de la señora Davis Pérez, incluyendo el libro de Registro de Testimonios y su sello notarial, y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *per*

*curiam* y Sentencia a la señora Davis Pérez a través de la oficina del Alguacil de este Tribunal.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez concurren y se unen a la expresión del Juez Asociado señor Estrella Martínez. El Juez Asociado señor Estrella Martínez concurre y hace constar la expresión siguiente:

"El Juez Asociado señor Estrella Martínez concurre con el resultado al cual llega la Mayoría en este caso. Si bien entiende que procede la suspensión inmediata e indefinida de la Lcda. Reina Davis Pérez (licenciada Davis Pérez o letrada) de la práctica de la abogacía y de la notaría por no cumplir con los requerimientos de este Tribunal, no está de acuerdo con que la suspensión se fundamente en parte en el incumplimiento de la letrada con el Programa de Educación Jurídica Continua (PEJC). Ello debido a que actualmente está en vigor el periodo de exoneración para el pago de multas por cumplimiento tardío por incumplimiento con los requisitos del PEJC. Véase *In re: Periodo de exoneración para el pago de multas por cumplimiento tardío establecidas al amparo del Reglamento del Programa de Educación Jurídica Continua*, 16 de junio de 2017, 2017 TSPR 114. Ante ello, la licenciada Davis Pérez podría acogerse a los beneficios que confiere el periodo de exoneración, subsanando así cualquier incumplimiento que tenga ante el PEJC dentro del término concedido para ello, y evitando así tener que pagar las multas por incumplimiento tardío que adeude".

El Juez Asociado señor Colón Pérez concurre y hace constar la expresión siguiente:

"El Juez Asociado señor Colón Pérez concurre con el resultado por entender que procede la suspensión de la licenciada Reina Davis Pérez del ejercicio de la abogacía y la notaría por esta incumplir con las órdenes de este Tribunal e incurrir así en violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX; mas no procede utilizar como fundamento para su suspensión el incumplimiento con el Programa de Educación Jurídica Continua. Ello, conforme a lo dispuesto por este Tribunal en *In re: Periodos de exoneración para el pago de multas por*

*cumplimiento tardío establecidos al amparo del Reglamento del Programa de Educación Jurídica Continua*, 2017 TSPR 114".


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo