EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Leilani Alberty Oms | 2018 TSPR 51<br><br>200 DPR ____ |

Número del Caso: TS-16,053

Fecha: 3 de abril de 2018

Abogado de la parte promovida:

      Por derecho propio

Programa de Educación Jurídica Continua:

      Lcdo. José I. Campos Pérez
      Director

Materia: Conducta Profesional – La suspensión del abogado será efectiva el 4 de abril de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: | | |
| | TS-16,053 | Conducta Profesional |
| Leilani Alberty Oms | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 3 de abril de 2018.

Por los antecedentes fácticos que discutiremos a continuación, nos vemos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía a una togada que incumplió con los requisitos del Programa de Educación Jurídica Continua (PEJC) y que, además, desatendió los requerimientos de dicha oficina y las órdenes emitidas por este Tribunal. Veamos.

I

La Lcda. Leilani Alberty Oms (licenciada Alberty) fue admitida al ejercicio de la abogacía el 29 de agosto de 2006 y a la práctica de la notaría el 26 de abril de 2010.[1]

El 24 de mayo de 2011, la entonces Directora del PEJC, Lcda. Yanis Blanco Santiago, le envió a la

---

[1] El 28 de febrero de 2013 la Lcda. Leilani Alberty Oms (licenciada Alberty) le notificó a la Oficina de Inspección de Notarías su intención de renunciar voluntariamente al ejercicio de la notaría. Por lo cual, tras los trámites de rigor, el 1 de abril de 2014 emitimos una Resolución dando por terminada la fianza que garantizaba sus funciones notariales.

licenciada Alberty un *Aviso de Incumplimiento* mediante el cual le informó que no cumplió con el total de créditos requeridos por el Reglamento del PEJC para el periodo correspondiente a los años 2009-2011.[2] En consecuencia, le indicó que debía pagar una cuota de $50.00 por cumplimiento tardío y le concedió un término de sesenta (60) días para acreditar o completar los créditos adeudados. Transcurrido el plazo sin recibir contestación de la letrada, el 13 de diciembre de 2013 el PEJC le cursó una *Citación a Vista* para que expusiera las razones que justificaban su incumplimiento y presentara la correspondiente prueba. En dicha misiva, se le advirtió, además, que de no comparecer se referiría el asunto a la atención de esta Curia.

Posteriormente, la licenciada Alberty compareció al PEJC mediante comunicación escrita en la cual expresó que en febrero de 2011 se mudó a los Estados Unidos continentales y, desde entonces, no practicaba la abogacía ni la notaría.[3] En consideración a ello, solicitó que se le eximiera del cumplimiento con los requisitos de educación jurídica continua por justa causa.

---

[2]     Del expediente surge que, durante el referido periodo, la licenciada Alberty adeudaba cuatro (4) créditos de ética.

[3]     La licenciada Alberty explicó que su mudanza se debió a razones de índole económica y laboral. También esbozó que, por razones económicas, no fue hasta enero de 2013 que pudo regresar a Puerto Rico para concluir algunas gestiones personales y profesionales, incluyendo solicitar la baja voluntaria del ejercicio de la notaría. Por otra parte, presentó varios documentos relativos a cursos tomados en los Estados Unidos.

Así las cosas, el 31 enero de 2014 el PEJC le notificó a la togada que se le concedió un nuevo término de sesenta (60) días para tomar los cursos pendientes para el periodo 2009-2011 y pagar la correspondiente cuota por cumplimiento tardío. Al desatender la mencionada comunicación, la entonces Directora Ejecutiva del PEJC, Lcda. Geisa M. Marrero Martínez, emitió y notificó una nueva determinación en la que le advirtió a la licenciada Alberty que, de no subsanar las deficiencias señaladas y realizar el pago de la correspondiente multa por cumplimiento tardío en un término de treinta (30) días, el asunto sería llevado ante la consideración de la Junta de Educación Jurídica Continua.[4] Ante la incomparecencia de la togada, el asunto fue sometido ante la Junta de Educación Jurídica Continua, quien lo evaluó y determinó referirlo ante nos.

El 9 de marzo de 2017 el Lcdo. José I. Campos Pérez, actual Director Ejecutivo del PEJC, presentó ante nos un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, mediante el cual nos indicó que la licenciada Alberty incumplió con los requisitos del PEJC para el periodo 2009-2011 y con el correspondiente pago de la multa por cumplimiento tardío. Del mismo modo, nos

---

[4]     Además, se le informó que el Historial de Cursos Acreditados reflejaba que la licenciada Alberty incumplió con los periodos subsiguientes (es decir, 2011-2013 y 2013-2015), y que no había efectuado el pago de las multas correspondientes a dichos términos.

informó que el PEJC emitió otros avisos de incumplimiento debido a que la togada tampoco satisfizo los requisitos reglamentarios del PEJC para los periodos 2011-2013 y 2013-2015 ni efectuó el pago de la multa por cumplimiento tardío para esos ciclos.[5]

El 28 de abril de 2017 emitimos una Resolución concediéndole a la licenciada Alberty un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendida de la profesión de la abogacía por faltar a su deber de tomar los cursos de educación jurídica continua requeridos y por no comparecer ante el PEJC cuando le fue solicitado.

En vista de que la licenciada Alberty no contestó nuestra Resolución de 28 de abril de 2017, el 30 de junio de 2017 le concedimos un término final de diez (10) días con el mismo propósito, apercibiéndole que podría ser suspendida de la profesión de la abogacía.[6] No obstante, la togada tampoco compareció ante nos.

II

El Código de Ética Profesional, 4 LPRA Ap. IX (2012 y Supl. 2017) tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de

---

[5]     Debemos puntualizar que la licenciada Alberty no ha sido citada para una vista informal para dichos periodos.

[6]     La Resolución de 30 de junio de 2017 le fue notificada el 6 de julio de 2017, pero fue devuelta por no ser reclamada.  Posteriormente le fue enviada la misma por correo electrónico el 10 de agosto de 2017.

acuerdo con los más altos principios de conducta decorosa […]". *In re* Espino Valcárcel, 2018 TSPR 30, 199 DPR ___ (2018). Con ese norte, al prestar juramento para ejercer la abogacía, los togados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional". *In re* González López, 2018 TSPR 28, 199 DPR ___ (2018), citando a *In re* Jiménez Meléndez, 2017 TSPR 119, 198 DPR ___ (2017).

En esa línea, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), requiere que, con el fin de viabilizar "[…] una representación adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]".

Conforme a lo anterior, establecimos "un programa de educación jurídica continua obligatoria dirigido a alentar y contribuir al mejoramiento académico de toda persona que ejerce la profesión del Derecho". Regla 3 del Reglamento del Programa de Educación Jurídica Continua. 2017 TSPR 91, 198 DPR ___ (2017).[7] Como parte de este programa, los

---

[7] El Reglamento del Programa de Educación Jurídica Continua fue aprobado el 2 de junio de 2017. Véase *In re Aprobación del Reglamento del Programa de Educación Jurídica Continua*, 2017 TSPR 91, 198 DPR ___ (2017). Previo a ello, los abogados estaban obligados a cumplir con requisitos de educación jurídica continua en virtud del derogado Reglamento de Educación Jurídica Continua

togados deben completar veinticuatro (24) horas crédito de educación jurídica continua en cada periodo de tres (3) años. Regla 29 del Reglamento del Programa de Educación Jurídica Continua, *supra*.

Por otra parte, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), le impone a los abogados y abogadas el deber de observar una conducta que se caracterice por el mayor respeto hacia los tribunales. *In re* Espino Valcárcel, *supra*; *In re* González López, *supra*; *In re* Abreu Figueroa, 2017 TSPR 126, 198 DPR ___ (2017); *In re* Vázquez Bernier, 2017 TSPR 124, 198 DPR ___ (2017). Como corolario de ello, los abogados tienen el firme compromiso de atender, diligente y oportunamente, las órdenes y los requerimientos emitidos por los foros judiciales. *In re* Espino Valcárcel, *supra*; *In re* González López, *supra*; *In re* Mangual Acevedo, 2017 TSPR 66; 197 DPR ___ (2017). A tono con lo anterior, reiteramos que el desatender los requerimientos de este Tribunal, además de infringir dicho canon, constituye un desafío a nuestra autoridad y podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la práctica legal. *In re* McConnie Shorter, 2018 TSPR 29, 199

_____

(1998), 4 LPRA Ap. XVII-D (2012 y Supl. 2017) y del también derogado Reglamento del Programa de Educación Jurídica Continua (2005), 4 LPRA Ap. XVII-E (2012 y Supl. 2017).

DPR ___ (2018); *In re* Avilés Vega, 2017 TSPR 56, 197 DPR ___ (2017).

El deber de respeto de los abogados hacia los tribunales establecido en el Canon 9 del Código de Ética Profesional, *supra*, aplica también a otras entidades fiscalizadoras de la profesión legal, a saber: el PEJC, la Oficina del Procurador General y la Oficina de Inspección de Notarías. *In re* González López, *supra*; *In re* Davis Pérez, 2017 TSPR 180, 198 DPR ___ (2017); *In re* Abreu Figueroa, *supra*. Así pues, hemos expresado que el letrado que ignora los requerimientos del PEJC "le falta el respeto a este Tribunal y atenta contra la ciudadanía en cuanto a la garantía que tiene de obtener servicios legales competentes que aseguren un acceso adecuado a la justicia". *In re* Davis Pérez, *supra*. Además, el hacer caso omiso a los requerimientos del PEJC constituye "un gasto de recursos administrativos por parte de ese programa y reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional". *In re* McConnie Shorter, *supra*. Véanse, además, *In re* Davis Pérez, *supra*; *In re* Abreu Figueroa, *supra*; *In re* Cabán Arocho, 2017 TSPR 104, 198 DPR ___ (2017); *In re* Rodríguez Gerena, 2017 TSPR 40, 197 DPR ___ (2017). Por lo tanto, consistentemente hemos suspendido "indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito

de educación continua requeridas". *In re Davis Pérez*, *supra*. Véanse, además, *In re McConnie Shorter*, *supra*; *In re González López*, *supra*; *In re Abreu Figueroa*, *supra*; *In re Zambrana Ortiz*, 2017 TSPR 111, 198 DPR ___ (2017).

III

Del informe del licenciado Campos Pérez fechado el 9 de marzo de 2017, se desprende que el PEJC le concedió varias oportunidades a la licenciada Alberty para que cumpliera o demostrara que completó los requisitos de educación jurídica continua. A pesar de ello, la licenciada Alberty no fue diligente ante los requerimientos del PEJC ni acreditó el haber completado los cursos de educación jurídica continua exigidos reglamentariamente para el periodo en cuestión. Este proceder constituye una violación ética sancionable, ya que atenta contra lo postulado en los cánones 2 y 9 del Código de Ética Profesional, *supra*.

Además, este Foro emitió dos (2) Resoluciones concediéndole término a la togada para que mostrara causa por la cual no debía ser suspendida de la profesión legal por su proceder durante el trámite ante el PEJC. La última de ellas fue notificada por correo certificado y por correo electrónico a la licenciada Alberty. Sin embargo, la togada hizo caso omiso a nuestras órdenes. Como adelantamos, este proceder también viola el referido Canon 9 y acarrea la imposición de sanciones

disciplinarias severas, incluyendo la suspensión indefinida de la práctica legal.

IV

De conformidad con el derecho aplicable, así como por la conducta exhibida por la Lcda. Leilani Alberty Oms, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos a la señora Alberty notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar el que en un futuro no se le reinstale de así solicitarlo. Del mismo modo, de ser solicitada la reinstalación, tomaremos en cuenta si la señora Alberty cumplió con los requisitos pendientes del PEJC y si satisfizo, de ser requerido, el pago de las multas por cumplimiento tardío.[8]

---

[8]    A raíz de nuestra determinación en *In re Periodo de exoneración para el pago de multas por cumplimiento tardío establecidas al amparo del Reglamento del Programa de Educación Jurídica Continua*, 2017 TSPR 114, 198 DPR ___, (2017), la clase togada de Puerto Rico disfruta de un periodo de exoneración que vence el 30 de junio de 2018 sobre deudas por dicho concepto. Es decir,

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Alberty por correo electrónico y posteriormente vía correo certificado con acuse de recibo a su última dirección conocida.

Se dictará Sentencia de conformidad.

_____

durante dicho periodo, los letrados y las letradas deben cumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), pero están exentos del pago de las multas por cumplimiento tardío.  Véase *In re* Davis Pérez, 2017 TSPR 180, 198 DPR ___ (2017).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Leilani Alberty Oms                 TS-16,053         Conducta
                                                      Profesional

SENTENCIA

En San Juan, Puerto Rico a 3 de abril de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Leilani Alberty Oms del ejercicio de la abogacía.

La señora Alberty Oms deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale de solicitarlo. Del mismo modo, de ser solicitada la reinstalación, tomaremos en cuenta si la señora Alberty Oms cumplió con los requisitos del Programa de Educación Jurídica Continua y si satisfizo, de ser requerido, el pago de las multas por cumplimiento tardío.

Notifíquese la Opinión *Per Curiam* que antecede y esta Sentencia a la señora Alberty Oms por correo electrónico y posteriormente vía correo certificado con acuse de recibo a su última dirección conocida.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre y hace constar la siguiente expresión:

> La Jueza Presidenta Oronoz Rodríguez concurre por los fundamentos expuestos en la expresión que emitió el Juez Asociado señor Estrella Martínez en In re: Reina Davis Pérez, 2017 TSPR 180, 198 DPR ___ (2017).

El Juez Asociado señor Estrella Martínez concurre y hace constar la siguiente expresión:

> El Juez Asociado señor Estrella Martínez concurre por los fundamentos contenidos en su expresión en *In re Reina Davis Pérez*, 2017 TSPR 180, 198 DPR ___ (2017).

El Juez Asociado señor Colón Pérez concurre con el resultado sin opinión escrita.


                         Juan Ernesto Dávila Rivera
                         Secretario del Tribunal Supremo