EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Rebecca Díaz Guerrero | 2020 TSPR 138<br><br>205 DPR _____ |
| --- | --- |

Número del Caso:  TS-12,040


Fecha:  4 de noviembre de 2020


Sra. Rebecca Díaz Guerrero:

    Por derecho propio


Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelli González
    Directora Ejecutiva


Materia:  La suspensión será efectiva el 10 de noviembre de 2020, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* <br><br> Rebecca Díaz Guerrero | TS-12,040 | |

**PER CURIAM**

En San Juan, Puerto Rico, a 4 de noviembre de 2020.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria contra una abogada por incumplir con el Programa de Educación Jurídica Continua (PEJC) y con nuestras órdenes. En esta ocasión suspendemos inmediata e indefinidamente a la Lcda. Rebecca Díaz Guerrero del ejercicio de la abogacía y la práctica de la notaría.

**I**

La licenciada Díaz Guerrero fue admitida al ejercicio de la abogacía el 22 de junio de 1997 y prestó juramento como notario el 30 de agosto de 2002.

El 26 de septiembre de 2013 la entonces directora ejecutiva del PEJC remitió a la letrada un *Aviso de Incumplimiento*. En este, entre otras cosas, concedió a la licenciada Díaz Guerrero un término de sesenta (60) días para que cumpliera con el periodo que había incumplido —desde el 1 de agosto de 2011 hasta el 31 de julio de 2013— y pagara la multa por cumplimiento tardío.

El 17 de octubre de 2016 el PEJC remitió un nuevo *Aviso de Incumplimiento* mediante el cual notificó a la letrada que esta se mantenía en incumplimiento con los requisitos del Programa hasta el 31 de junio de 2016. Allí, nuevamente, le concedió un término de sesenta (60) días para satisfacer los créditos requeridos. Además, le otorgó treinta (30) días para comparecer y explicar las razones que justificaran su incumplimiento.

El 13 de diciembre de 2018 la Lcda. María C. Molinelli González, Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC), refirió a nuestra atención un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En este nos notificó la falta de cumplimiento de la licenciada Díaz Guerrero y otros letrados con los requisitos del PEJC para el periodo del 1 de agosto de 2011 al 31 de julio de 2013.

Ante el incumplimiento persistente de la abogada, el 9 de enero de 2019 emitimos una *Resolución* en la cual tomamos conocimiento de lo informado por el PEJC. Así pues, concedimos a la letrada un término de veinte (20) días para que compareciera ante esta Curia y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión por incumplir con los requisitos del PEJC y no haber comparecido cuando le fue requerido.

En respuesta, el 13 de marzo de 2019, la licenciada Díaz Guerrero presentó una *Moción en Cumplimento de Orden*, en la cual afirmó que se encontraba realizando gestiones encaminadas a cumplir con los requisitos del PEJC. Así, desglosó los cursos de educación jurídica continua que había aprobado hasta ese momento y peticionó que se le concediera

un término de cuarenta y cinco (45) días para cumplir con los créditos adeudados.

Tras examinar el escrito presentado por la abogada, el 27 de marzo de 2019, mediante *Resolución* tomamos conocimiento de lo informado y le concedimos un término de cuarenta y cinco (45) días para cumplir con todos los requerimientos del PEJC y presentar una certificación de cumplimiento emitida por el Programa.

Como resultado del incumplimiento con nuestra orden, el 14 de junio de 2019 le concedimos a la licenciada Díaz Guerrero un término final de diez (10) días, para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC.

Ante ello, el 9 de septiembre de 2019, la letrada presentó una *Moción Solicitando Término Adicional.* Esbozó que debido a razones personales no había podido cumplir con los requisitos del Programa. Además, notificó que encontró dos (2) cursos que aún no le habían sido acreditados en el PEJC. Por lo tanto, solicitó un término adicional para cumplir con los requisitos pendientes y presentar los correspondientes certificados de estos cursos. A su vez, nos informó que se había matriculado en varios cursos a ofrecerse en la Convención Anual del Colegio de Abogados a celebrarse en ese mismo mes, en aras de finiquitar los requerimientos adeudados.

Luego de examinar el escrito presentado por la letrada, el 20 de septiembre de 2019, emitimos una *Resolución* en la que concedimos un término de treinta (30) días a la abogada para que cumpliera con todos los cursos que le faltaran por

tomar y presentara la certificación de cumplimiento emitida por el Programa. A pesar de lo anterior, el 22 de noviembre de 2019, la Directora Ejecutiva del PEJC emitió una *Certificación* de la cual surgía que la letrada Díaz Guerrero continuaba con el patrón de incumplimiento con los requerimientos del PEJC.

La licenciada Díaz Guerrero desatendió nuestra orden por lo que, el 23 de enero de 2020 le exigimos una vez más que, en un término final de veinte (20) días, cumpliera con todos los requerimientos del Programa y, además, que sometiera una certificación del PEJC que acreditara que había completado los créditos de educación jurídica continua pendientes. A su vez, le apercibimos que su incumplimiento podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía. Nuevamente, la letrada hizo caso omiso a nuestras advertencias.

En vista de que la licenciada Díaz Guerrero no cumplió con lo ordenado, el 30 de junio de 2020 emitimos una *Resolución* mediante la cual **le concedimos un término final e improrrogable de diez (10) días para que así lo hiciera**. En esa ocasión, le reiteramos que su inobservancia podría conllevar severas sanciones, las cuales podían incluir su suspensión del ejercicio de la profesión de la abogacía. Sin embargo, no surge del expediente que la letrada cumpliera con nuestra orden.

Como se puede observar, a pesar de las múltiples oportunidades conferidas a la licenciada Díaz Guerrero para que cumpliera con los requisitos del PEJC y las advertencias expresas sobre las consecuencias de desatender nuestras

órdenes, la letrada no ha cumplido con lo requerido por este Foro.[1]

Examinado este cuadro fáctico, pasamos a exponer el derecho aplicable.

## II

El Código de Ética Profesional, 4 LPRA Ap. IX, tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa".[2] Con ese norte, al prestar juramento para ejercer la abogacía, los togados y las togadas "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional".[3]

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado y abogada observe rigurosamente los requerimientos de este Tribunal.[4] Este mandato ético se encuentra establecido, particularmente, en el Canon 9 del Código de Ética Profesional, *supra*. Específicamente, este precepto ético obliga a los abogados y las abogadas a "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5] Como funcionarios del tribunal, estos y estas tienen la obligación de atender y obedecer tanto las órdenes de este Tribunal como las de cualquier foro al que se

---

[1] Adviértase que, el 28 de septiembre de 2020, la Directora Ejecutiva del Programa de Educación Jurídica Continua, mediante *Certificación* reiteró que la Lcda. Rebecca Díaz Guerrero continúa incumpliendo con los requerimientos del PEJC.

[2] *In re Alberty Oms*, 2018 TSPR 51, 200 DPR Ap. (2018); *In re Espino Valcárcel*, 199 DPR 761, 776 (2018).

[3] *In re González López*, 2018 TSPR 28, 200 DPR Ap. (2018).

[4] Véase, e.g., *In re Lee Navas,* 2017 TSPR 208, 199 DPR Ap. (2017).

[5] *In re Marín Serrano*, 197 DPR 535, 539 (2017); *In re Cruz Liciaga*, 198 DPR 828, 835 (2017); *In re Mangual Acevedo*, 197 DPR 998, 1001 (2017). Véase, *In re Abreu Figueroa,* 198 DPR 532, 538 (2017).

encuentren obligados a comparecer.[6] En ese sentido, si estos ignoran nuestras órdenes se exponen a una separación inmediata e indefinida de la profesión.[7] Según hemos sostenido, "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad".[8]

De otra parte, el Canon 2 del Código de Ética Profesional, *supra*, requiere que, con el fin de viabilizar "una representación adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Conforme a lo anterior, establecimos "un programa de educación jurídica continua obligatoria dirigido a alentar y contribuir al mejoramiento académico de toda persona que ejerce la profesión del Derecho".[9] Ello, de manera que los abogados y las abogadas "se mantengan al día en la jurisprudencia, la legislación, la doctrina y las destrezas necesarias para el desempeño de su profesión dentro de los más altos niveles de calidad y competencia".[10]

### III

Es evidente que los antecedentes fácticos reseñados confirman que la licenciada Díaz Guerrero ha incumplido con los requisitos del PEJC. Ello, a pesar de las múltiples

---

[6] *In re Marín Serrano*, *supra*, pág. 539.

[7] *In re Muriente Colón,* 2018 TSPR 41, 199 DPR Ap. (2017); *In re Colón Cordovés*, 195 DPR 543, 547 (2016).

[8] *In re Soto Rivera*, 198 DPR 421, 426 (2017); *In re Santaliz Martell*, 194 DPR 911, 914 (2016); *In re Dávila Toro*, 193 DPR 159, 164 (2015).

[9] *In re Alberty Oms,* supra.

[10] *In re Maldonado Pérez,* 2018 TSPR 152, 200 DPR Ap. (2018).

oportunidades concedidas y apercibimientos sobre las posibles sanciones éticas que implican la conducta desplegada.

No hay duda que el comportamiento de la letrada muestra un alto grado de desidia e indiferencia hacia nuestras órdenes, así como a los múltiples requerimientos del PEJC. Tal proceder incide sobre los postulados consignados en el Canon 9 y el Canon 2 del Código de Ética Profesional, *supra*. En consecuencia, ordenamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la licenciada Díaz Guerrero.

## IV

En vista de lo anterior, decretamos la suspensión inmediata e indefinida de la licenciada Díaz Guerrero del ejercicio de la abogacía y la notaría.

Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la totalidad de la obra protocolar y sello notarial de la señora Díaz Guerrero y entregarlos al Director

de la Oficina de Inspección de Notaría para el correspondiente examen e informe. En virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Rebecca Díaz Guerrero          TS-12,040

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de noviembre de 2020.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, **suspendemos inmediata e indefinidamente** de la práctica de la abogacía y la notaría a la Lcda. Rebecca Díaz Guerrero. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la totalidad de la obra protocolar y sello notarial de la señora Díaz Guerrero y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. En virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión Per Curiam y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico a la señora Díaz Guerrero. El recibo de la notificación será confirmado por la vía telefónica.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo