EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Hermán F. Valentín Figueroa | 2021 TSPR 139 208 DPR _____ |
|---|---|

Número del Caso: TS-7,971


Fecha: 8 de octubre de 2021


Abogado del Sr. Hermán F. Valentín Figueroa:

    Por derecho propio


Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelli González
    Directora Ejecutiva


Materia:  La suspensión será efectiva el 8 de octubre de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | TS-7971 |
| Hermán F. Valentín Figueroa | |

**PER CURIAM**

En San Juan, Puerto Rico, a 8 de octubre de 2021.

Nuevamente nos vemos obligados a dirigir nuestra facultad disciplinaria contra un abogado por incumplir reiteradamente con los requisitos reglamentarios del Programa de Educación Jurídica Continua aplicables a los letrados en nuestra jurisdicción. Según se detalla a continuación, en esta ocasión suspendemos inmediata e indefinidamente al Lcdo. Hermán F. Valentín Figueroa del ejercicio de la abogacía y la práctica de la notaría.

**I**

El Lcdo. Hermán F. Valentín Figueroa (licenciado Valentín Figueroa) fue admitido al ejercicio de la abogacía el 25 de enero de 1985 y posteriormente prestó juramento como notario el 11 de julio de 1985.

Los hechos del presente caso remontan al pasado 19 de septiembre de 2019, cuando la Directora Ejecutiva del Programa de Educación Jurídica Continua (Programa), la Lcda. María C. Molinelli González (Directora Ejecutiva), remitió al licenciado Valentín Figueroa un *Aviso de Incumplimiento*,

notificándole de su incumplimiento con los requisitos del Programa durante el periodo del 1 de julio de 2016 al 30 de junio de 2019 (2016-2019).[1] Allí, se le otorgó treinta (30) días para comparecer y explicar las razones que justificaran su incumplimiento, así como un término concurrente de sesenta (60) días para subsanarlo y pagar la multa por cumplimiento tardío establecida en la Regla 30(E) del Reglamento del Programa, *infra*.

A más de seis meses luego de haber culminado el periodo en cuestión (2016-2019), y habiéndosele brindado la oportunidad a ser oído mediante el mencionado *Aviso de Incumplimiento* y para cumplir con lo allí requerido, el 5 de febrero de 2020, la Directora Ejecutiva del Programa refirió a la Junta de Educación Jurídica Continua (Junta) el presente caso de incumplimiento con los requisitos del Programa para el periodo 2016-2019 y recomendó remitirlo al Tribunal Supremo.[2]

Examinado el referido caso de incumplimiento sometido antes su consideración, la Junta acogió la recomendación presentada y encomendó a la Directora Ejecutiva preparar el informe correspondiente a este Tribunal.[3]

Cabe destacar que el 15 de marzo de 2020 la entonces Gobernadora de Puerto Rico decretó un cierre total y toque de queda, mientras que la Rama Judicial anunció el cierre

---

[1] *Aviso de Incumplimiento* (19 de Septiembre de 2019).
[2] *Informe sobre Incumplimiento con el Requisito de Educación Continua,* pág. *4* (3 de septiembre de 2020).
[3] Íd.

parcial de operaciones en respuesta a la pandemia (COVID-19) declarada el 11 de marzo de 2020 por la Organización Mundial de Salud.[4] Durante este periodo, este Tribunal dejó en suspenso el trámite administrativo sobre incumplimiento con los requisitos de educación jurídica continua al determinar que el Programa no notificaría avisos de incumplimiento a los abogados.[5] Como medida adicional para asistir a los profesionales del Derecho durante el periodo de emergencia por el COVID-19, este Tribunal dispuso que el Programa no cobraría las cuotas por concepto de acreditación de toda solicitud presentada entre el 14 de mayo y el 17 de julio de 2020. Al aplazar el referido a este Tribunal de los abogados en incumplimiento con el Programa durante el periodo 2016-2019, el licenciado Valentín Figueroa contó con la oportunidad de beneficiarse del tiempo adicional y de las medidas de alivio económico disponible para cumplir tardíamente con los créditos adeudados.

Acto seguido, el 3 de septiembre de 2020 la Directora Ejecutiva del Programa refirió a nuestra atención un *Informe sobre Incumplimiento con el Requisito de Educación Continua*.[6] En este nos notificó nuevamente la falta de cumplimiento del licenciado Valentín Figueroa con tomar once (11) créditos de educación jurídica continua según dispone el Programa [7] para

---

[4] *In re Med. Jud. por COVID-19 II*, 2020 TSPR 32, 204 DPR ___ (2020).
[5] Véase, *In re Med. Jud. por COVID-19 V*, 2020 TSPR 37, 204 DPR ___ (2020) y *In re Med. Jud. por COVID-19 VII*, 2020 TSPR 43, 204 DPR ___ (2020).
[6] Íd., a la pág. 7.
[7] Reglamento del Programa de Educación Jurídica Continua, 198 DPR 254 (2017), según enmendado.

el periodo del 1 de julio de 2016 al 30 de junio de 2019 (2016-2019), así como la falta de cumplimiento con la multa de $50 impuesta por cumplimiento tardío[8] y la multa de $100 por el correspondiente referido al Tribunal Supremo.[9]

Como resultado de su incumplimiento, el 30 de abril de 2021 emitimos una *Resolución* (notificada el 7 de mayo de 2021) mediante la cual **le concedimos al licenciado Valentín Figueroa un término final de diez (10) días para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la profesión de la abogacía por incumplir con los requisitos del Programa.**

En vista de que el licenciado Valentín Figueroa desatendió nuestra orden, transcurrido el término, el 21 de mayo de 2021, la Directora Ejecutiva del Programa emitió una *Certificación* de la cual surgía que el letrado Valentín Figueroa continuaba con el patrón de incumplimiento con los requerimientos del PROGRAMA.[10] Posteriormente, el 15 de septiembre de 2021, la Directora Ejecutiva del Programa, mediante *Certificación,* reiteró que el Lcdo. Hermán F. Valentín Figueroa continuaba en incumplimiento con los requerimientos del PROGRAMA.[11]

Como se puede observar, el licenciado Valentín Figueroa ha demostrado un patrón de incumplimiento con los requisitos

---

[8] Regla 30(E) del Reglamento del Programa, *supra*.
[9] Regla 32(D) del Reglamento del Programa, *supra*.
[10] *Certificación* (21 de mayo de 2021).
[11] *Certificación* (15 de septiembre de 2021).

del PROGRAMA.[12] Ello, a pesar de las múltiples oportunidades conferidas al licenciado Valentín Figueroa para que cumpliera con los requisitos del PROGRAMA, y a pesar de las múltiples advertencias notificadas sobre las consecuencias de desatender nuestras órdenes. A pesar de haber subsanado su incumplimiento para los periodos anteriores, el letrado hoy nuevamente desafía su deber profesional al recaer y persistir, una vez más, en incumplimiento con el Programa.

Examinado este cuadro fáctico, pasamos a exponer el derecho aplicable en torno a su responsabilidad ético-profesional.

**II**

El Código de Ética Profesional, 4 LPRA Ap. IX, tiene el propósito de "promover el desempeño personal y profesional de los abogados de acuerdo con los más altos principios de conducta decorosa".[13] Con ese norte, al prestar juramento para ejercer la abogacía, los togados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y

---

[12] Cabe destacar que esta no es la primera vez que el licenciado Valentín Figueroa ha sido notificado de su incumplimiento con los requisitos del Programa. Para el periodo de 2009 al 2011 el letrado fue notificado de una insuficiencia de 3.00 créditos en la materia de derecho notarial. De igual forma, el letrado reflejó una insuficiencia de 6.00 créditos en derecho notarial para los periodos del 2011 al 2013 y del 2013 al 2016. Eventualmente, el letrado compareció el 1 de septiembre de 2017 mediante *Moción en Cumplimiento de Orden* mostrando causa por la cual no debió ser sancionado, citando principalmente problemas de salud. Finalmente, y luego de varias solicitudes de extensiones de tiempo para cumplir, el letrado compareció el 15 de mayo de 2019 para certificar que completó los cursos de educación jurídica continua que se le requirieron, así como el pago de la penalidad por cumplimiento tardío.
[13] *In re Alberty Oms*, 2018 TSPR 51, 200 DPR Ap. (2018); *In re Espino Valcárcel*, 199 DPR 761, 776 (2018).

responsabilidades que les impone la ley y el Código de Ética Profesional".[14]

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado observe rigurosamente los requerimientos de este Tribunal.[15] Este mandato ético se encuentra establecido, particularmente, en el Canon 9 del Código de Ética Profesional, *supra*. Específicamente, este precepto ético obliga a los abogados y las abogadas a "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[16] Como funcionarios del tribunal, estos tienen la obligación de atender y obedecer tanto las órdenes de este Tribunal como las de cualquier foro al que se encuentren obligados a comparecer.[17] En ese sentido, si estos ignoran nuestras órdenes se exponen a una separación inmediata e indefinida de la profesión.[18] Según hemos sostenido, "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad".[19]

---

[14] *In re González López*, 2018 TSPR 28, 200 DPR Ap. (2018).

[15] Véase, e.g., *In re Lee Navas,* 2017 TSPR 208, 199 DPR Ap. (2017).

[16] *In re Marín Serrano*, 197 DPR 535, 539 (2017); *In re Cruz Liciaga*, 198 DPR 828, 835 (2017); *In re Mangual Acevedo*, 197 DPR 998, 1001 (2017). Véase, *In re Abreu Figueroa,* 198 DPR 532, 538 (2017).

[17] *In re Marín Serrano*, *supra*, pág. 539.

[18] *In re Muriente Colón,* 2018 TSPR 41, 199 DPR Ap. (2017); *In re Colón Cordovés*, 195 DPR 543, 547 (2016).

[19] *In re Soto Rivera*, 198 DPR 421, 426 (2017); *In re Santaliz Martell*, 194 DPR 911, 914 (2016); *In re Dávila Toro*, 193 DPR 159, 164 (2015).

De otra parte, el Canon 2 del Código de Ética Profesional, *supra*, requiere que, con el fin de viabilizar "una representación adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Conforme a lo anterior, establecimos "un programa de educación jurídica continua obligatoria dirigido a alentar y contribuir al mejoramiento académico de toda persona que ejerce la profesión del Derecho".[20] Ello, de manera que los abogados "se mantengan al día en la jurisprudencia, la legislación, la doctrina y las destrezas necesarias para el desempeño de su profesión dentro de los más altos niveles de calidad y competencia".[21]

### III

Es evidente que los antecedentes fácticos reseñados confirman que el licenciado Valentín Figueroa ha incumplido en reiteradas ocasiones con los requisitos del PROGRAMA. Ello, a pesar de las múltiples oportunidades concedidas y apercibimientos sobre las posibles sanciones éticas que implican la conducta desplegada.

No hay duda que el comportamiento del letrado muestra un alto grado de desidia e indiferencia hacia nuestras órdenes, así como a los múltiples requerimientos del Programa. Tal

---

[20] *In re Alberty Oms,* supra.

[21] *In re Maldonado Pérez,* 2018 TSPR 152, 200 DPR Ap. (2018).

proceder incide sobre los postulados consignados en el Canon 9 y el Canon 2 del Código de Ética Profesional, *supra*. En consecuencia, ordenamos la suspensión inmediata e indefinida del ejercicio de la abogacía y de la práctica de la notaría del licenciado Valentín Figueroa.

**IV**

En vista de lo anterior, decretamos la suspensión inmediata e indefinida del licenciado Valentín Figueroa del ejercicio de la abogacía y de la práctica de la notaría.

Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la totalidad de la obra protocolar y sello notarial del señor Valentín Figueroa y entregarlos al Director de la Oficina de Inspección de Notaría para el correspondiente examen e informe. En virtud de esta suspensión, la fianza que garantiza las funciones notariales

queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión Per Curiam y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico al señor Valentín Figueroa. El recibo de la notificación será confirmado por la vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*:<br><br>Hermán F. Valentín Figueroa | TS-7971 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de octubre de 2021.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, **suspendemos inmediata e indefinidamente** del ejercicio de la abogacía y la práctica de la notaría al Lcdo. Hermán F. Valentín Figueroa. En consecuencia, le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la totalidad de la obra protocolar y sello notarial del señor Valentín Figueroa y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. En virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión Per Curiam y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico al señor Valentín Figueroa. El recibo de la notificación será confirmado por la vía telefónica.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo