EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Yarimar Soto Rivera | 2017 TSPR 115<br><br>198 DPR ____ |

Número del Caso: TS-16,532

Fecha: 15 de junio de 2017

Abogada de la parte promovida:

Por derecho propio

Oficina de Inspección de Notarías:

Lcdo. Manuel Ávila De Jesús
Director

Materia: La suspensión será efectiva el 26 de junio de 2017, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yarimar Soto Rivera                    TS-16,532

PER CURIAM

En San Juan, Puerto Rico, a 15 de junio de 2017.

Una vez más nos vemos en la obligación de ejercer nuestra facultad disciplinaria en contra de una abogada por incumplir con las órdenes de este Tribunal. En esta ocasión suspendemos inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Yarimar Soto Rivera. Veamos.

**I**

La licenciada Soto Rivera fue admitida al ejercicio de la abogacía el 20 de agosto de 2007 y prestó juramento como notaria el 11 de marzo de 2008. El 24 de septiembre de 2015, la Oficina de Inspección de Notarías (ODIN) nos remitió un *Informe especial sobre incumplimiento de la Ley Notarial Puerto Rico y*

*su reglamento y en solicitud de remedios*. Indicó que el 16 de julio de 2015 había enviado a la letrada una comunicación por correo certificado con acuse de recibo a la dirección que constaba en el Registro Único de Abogados (RÚA). En ésta le notificó ciertos incumplimientos con la presentación de los índices de actividad notarial mensual e Informes Estadísticos de Actividad Notarial para varios años. Señaló, además, que del expediente de la licenciada Soto Rivera no surgía que tuviera provista de una fianza notarial. La ODIN le concedió a la letrada diez días para rendir todos los documentos adeudados. No obstante, la comunicación fue devuelta por el sistema de correo postal federal. El 31 de agosto de 2015, la ODIN remitió otra comunicación a la licenciada Soto Rivera en la que reiteró lo esbozado en la comunicación del 16 de julio de 2015. Ésta también fue devuelta.

Así las cosas, el 16 de noviembre de 2015 ordenamos la incautación preventiva e inmediata de la obra protocolar y el sello notarial de la letrada y le concedimos un término de diez días para mostrar causa por la cual no debíamos suspenderla indefinidamente del ejercicio de la abogacía y la notaría.[1] El 17 de diciembre de 2015 la licenciada Soto Rivera compareció ante esta Curia. En esa ocasión, indicó que estaba sufriendo problemas de salud desde septiembre de ese año. Adujo que su condición de salud había afectado su vida

---

[1] La obra notarial fue incautada y la *Resolución* recibida por la licenciada Soto Rivera el 3 de diciembre de 2015.

diaria por los constantes estudios que debía hacerse para monitorear su condición.[2]

Posteriormente, el 22 de diciembre de 2015 la ODIN presentó una *Moción notificando incumplimiento de orden y otros remedios*. En ella señaló que la letrada incumplió la orden que habíamos emitido el 16 de noviembre de 2015, por lo que solicitó que evaluáramos suspender inmediata e indefinidamente a la licenciada Soto Rivera de la notaría. Asimismo, el 29 de diciembre de 2015 la ODIN presentó su *Informe sobre estado de obra incautada*. Entre los defectos señalados por la ODIN, encontró protocolos sin encuadernar, la omisión de cancelar sellos de Rentas Internas, estampillas de la Sociedad para la Asistencia Legal, Impuesto Notarial y sellos para la Sociedad de Asistencia Legal en su Registro de Testimonios.

En vista de lo anterior, el 29 de abril de 2016 ordenamos a la licenciada Soto Rivera que en un término **improrrogable** de treinta días completara y subsanara, a sus expensas, las deficiencias de la obra notarial. En aquella *Resolución* apercibimos a la letrada que de incumplir con la orden del Tribunal podía ser objeto de sanciones disciplinarias.[3] La licenciada Soto Rivera no cumplió con nuestra orden, por lo que la suspendimos inmediata e indefinidamente del ejercicio de la notaría. Además, le concedimos un término final e **improrrogable** de treinta días

---

[2] En esta ocasión, la letrada incluyó con su comunicación copia de los documentos de una hospitalización y resumen de alta.
[3] Esta *Resolución* fue recibida por la licenciada Soto Rivera el 26 de mayo de 2016.

para que mostrara causa por la que no debía ser suspendida del ejercicio de la abogacía. En aquel momento, le advertimos que el incumplimiento con esta orden podía acarrear la imposición de sanciones disciplinarias severas.

El 22 de febrero de 2017 la licenciada Soto Rivera compareció y alegó que no había sido su intención incumplir con las órdenes de este Tribunal. Arguyó que desde hace varios años está pasando por una situación económica difícil que se agravó por su condición de salud. De hecho, alegó que había sido intervenida quirúrgicamente en dos ocasiones en el 2016 y que de solicitarlo este Tribunal podía evidenciarlas. Reconoció estar bien de salud en la actualidad, pero adujo que en esta ocasión se debía a la condición de salud de su padre. Señaló que su atención "ha estado en otra parte". A diferencia de sus comparecencias anteriores, la letrada no proveyó evidencia alguna que sustentara sus alegaciones.

El 7 de marzo de 2017 compareció el Director de la ODIN. Éste nos hizo saber que las deficiencias señaladas –desde julio de 2015– en la obra protocolar incautada no habían sido subsanadas. Además, solicitó que –de permitir que la letrada continuara ejerciendo la profesión– condicionáramos nuestra determinación a que subsanara las referidas deficiencias en su obra protocolar en un término no mayor de noventa días.

El 20 de marzo de 2017, en vista de los señalamientos de la licenciada Soto Rivera, emitimos otra resolución en la que concedimos un término **improrrogable** de quince días, contados a partir de su notificación, para que acreditara con prueba

fehaciente las alegaciones relacionadas a su condición de salud. Nuevamente, le apercibimos que el incumplimiento con la orden podía conllevar sanciones disciplinarias severas, incluyendo su suspensión inmediata e indefinida del ejercicio de la profesión. Dicha resolución fue notificada el 21 de marzo de 2017.

No fue hasta el 10 de abril de 2017 que la letrada compareció ante esta Curia. Aunque incluyó varios documentos, indicó que el expediente no estaba disponible hasta después del 17 de abril de este año. Por ello, el 28 de abril de 2017 le concedimos una **prórroga** de diez días, contados a partir de la notificación de la Resolución, para que cumpliera con la orden del 20 de marzo de 2017.

No obstante, el pasado 22 de mayo de 2017 el Director de la ODIN compareció nuevamente ante nos. En esta ocasión, notificó que el término conferido a la licenciada Soto Rivera **venció el 15 de mayo de 2017** sin que ésta hubiera cumplido con lo ordenado. Asimismo, informó que la obra protocolar se encuentra en el mismo estado, prevaleciendo la falta de encuadernación de los protocolos de 2008 al 2015 y las deficiencias arancelarias notificadas. Ello, aunque han transcurrido casi dos años desde que la ODIN le requirió que subsanara las deficiencias en su obra protocolar.

**II**

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado y abogada observe rigurosamente los requerimientos de este

Tribunal.[4] Este mandato ético se encuentra establecido, particularmente, en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, al señalar —en lo pertinente— que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".

En ese sentido, como funcionarios de este Tribunal, los profesionales del Derecho tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes.[5] Desatenderlas constituye una afrenta a la autoridad de los tribunales e infringe el precitado Canon 9 del Código de Ética Profesional, *supra*.[6] Por consiguiente, el incumplimiento con los requerimientos del Tribunal, según hemos resuelto en innumerables ocasiones, constituye un serio agravio a la autoridad de los Tribunales y es suficiente para decretar su separación indefinida de la profesión.[7] Reafirmamos que "[e]ste Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad".[8]

### III

Nótese que, desde el inicio, le concedimos varias oportunidades a la licenciada Soto Rivera para que cumpliera con los requerimientos de la ODIN y con nuestras órdenes. En

---

[4] *In re Aponte Del Valle*, 189 DPR 245, 249 (2013); *In re Rivera Rosado*, 180 DPR 698, 701 (2011); *In re Morales Rodríguez*, 179 DPR 766, 768 (2011).
[5] *In re Santaliz Martell*, 194 DPR 911, 914 (2016).
[6] *In re Dávila Toro*, 193 DPR 159, 163 (2015); *In re Pacheco Pacheco*, 192 DPR 553, 560 (2015); *In re García Incera*, 177 DPR 329, 331 (2009).
[7] *In re Pastrana Silva*, 195 DPR 366, 369 (2016); *In re Irizarry Irizarry*, 190 DPR 368 (2014).
[8] *In re Dávila Toro*, *supra*, pág. 164; *In re Maldonado Nieves*, 192 DPR 973 (2015).

varias ocasiones compareció fuera del término ordenado y en la última ocasión ni siquiera compareció. Así, el incumplimiento con nuestras órdenes, más aún cuando la abogada ha sido apercibida expresamente de las consecuencias de su incumplimiento, constituye una falta severa con sus deberes éticos y un menosprecio a nuestra autoridad. La conducta desplegada por la licenciada Soto Rivera, al incumplir reiteradamente nuestras órdenes, es totalmente contraria a aquella conducta que se espera de los miembros de la profesión. Ello, no la hace merecedora de continuar en el ejercicio de la abogacía.

## IV

*En vista de lo anterior, suspendemos inmediata e indefinidamente a la licenciada Soto Rivera de la profesión de la abogacía. Además, le concedemos –por última vez– un término de treinta días para subsanar las deficiencias de la obra protocolar, so pena de referir el asunto al Tribunal de Primera Instancia a un proceso de desacato.*

*La señora Soto Rivera deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior,*

*en un término de treinta días contados a partir de la notificación de esta Opinión Per Curiam y Sentencia.*

*Se dictará Sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Yarimar Soto Rivera                TS-16,532

SENTENCIA

En San Juan, Puerto Rico, a 15 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, los cuales se hacen formar parte de la presente Sentencia, suspendemos inmediata e indefinidamente a la Lcda. Yarimar Soto Rivera de la profesión de la abogacía. Además, le concedemos –por última vez– un término de treinta (30) días para subsanar las deficiencias de la obra protocolar, so pena de referir el asunto al Tribunal de Primera Instancia a un proceso de desacato.

La señora Soto Rivera deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam y Sentencia.*

Notifíquese inmediatamente.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado señor Colón Pérez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo