EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2022 TSPR 28 |
| César R. Corretjer Roses | 208 DPR |
| | |

Número del Caso:  TS-6,720


Fecha:  16 de marzo de 2022



Materia:  Conducta Profesional - Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplir con los requerimientos del Tribunal Supremo y por no mantener actualizada su información en el Registro Único de Abogados y Abogadas. La suspensión será efectiva el 17 de marzo de 2022, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

César R. Corretjer Roses

TS-6720

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 16 de marzo de 2022.

En reiteradas ocasiones, hemos insistido en la obligación de todos los miembros de la profesión legal de responder con prontitud los requerimientos hechos por los tribunales y de mantener actualizada su información personal de contacto. Sin embargo, una vez más, nos vemos en la obligación de suspender inmediata e indefinidamente del ejercicio de la abogacía a un miembro de la profesión legal, por incumplir con los requerimientos de este Tribunal y por no mantener actualizada su información en el Registro Único de Abogados y Abogadas (RUA).

**I**

El Lcdo. César R. Corretjer Roses (licenciado Corretjer Roses o letrado) fue admitido al ejercicio

de la abogacía el 13 de mayo de 1980 y prestó juramento como notario el 8 de julio de 1980. Mediante una carta del 31 de octubre de 2007, el letrado solicitó la renuncia voluntaria del ejercicio de la notaría debido a razones de salud que, según informó, requerían su traslado al exterior. Por consiguiente, mediante una *Resolución* emitida el 29 de febrero de 2008, **autorizamos su cesación del ejercicio de la notaría**.

Así las cosas, el 1 de septiembre de 2021, el Tribunal de Primera Instancia, Sala Superior de Bayamón, emitió una *Orden* para la asignación del licenciado Corretjer Roses como abogado de oficio en un procedimiento de naturaleza penal. Sin embargo, la *Notificación de Asignación de Abogado de Oficio* fue devuelta por el correo postal. De esta manera, el foro de instancia nos refirió el asunto mediante una *Orden* emitida el 30 de septiembre de 2021 para la acción correspondiente.

En consecuencia, el 28 de enero de 2022 emitimos una *Resolución* concediéndole un término de veinte (20) días al licenciado Corretjer Roses para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión por no tener su información actualizada en RUA. Asimismo, ordenamos que se le notificara la *Resolución* personalmente al letrado.

Así el trámite, mediante una comunicación del 23 de febrero de 2022, la Oficina de Alguaciles de este Tribunal nos informó que acudieron a múltiples direcciones para

notificarle personalmente al letrado la referida *Resolución*. Específicamente, en la comunicación se nos informó que nadie respondió en la primera dirección, por lo que los alguaciles dejaron una hoja de aviso en la residencia.[1] Por otro lado, la persona que vivía en la segunda dirección indicó que residía en la propiedad hacía quince (15) años y que tenía entendido que el licenciado Corretjer Roses se encontraba en Florida, Estados Unidos. Por último, la persona que se encontraba en la tercera dirección informó que el letrado le vendió la residencia hace más de doce (12) años para irse a vivir a otro lugar en Estados Unidos.

Además, como parte de una investigación realizada en el Registro Demográfico de Puerto Rico, según solicitada por la Secretaría de este Tribunal, no se halló constancia de la existencia de una certificación de defunción del licenciado Corretjer Roses. Bajo tales circunstancias, entendemos que el letrado no ha fallecido y que su incumplimiento es atribuible a su inobservancia con el deber de actualizar su información en RUA. A la luz de lo expuesto y a pesar de que se ordenó notificar personalmente la *Resolución* antes indicada, el licenciado Corretjer Roses no compareció dentro del término provisto.

## II

Reiteradamente hemos destacado que todo abogado debe observar rigurosamente los requerimientos de este Tribunal

---

[1] Valga señalar que, posteriormente, un caballero que se identificó como el dueño de dicha residencia llamó al Tribunal e indicó que no conocía ni sabía nada sobre el Lcdo. César R. Corretjer Roses.

en el ejercicio de la profesión jurídica. *In re* Padial Santiago, 203 DPR Ap. (2019); *In re* Aguilar Gerardino, 202 DPR 586, 590-591 (2019); *In re* Padilla García, 199 DPR Ap. (2018). Este mandato ético surge del Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que requiere que la conducta de todo profesional del derecho se caracterice por el mayor respeto hacia los tribunales.

De tal forma, desatender los requerimientos de este Tribunal implica una crasa violación al mencionado canon y resulta suficiente para la imposición de sanciones disciplinarias severas como la separación indefinida de la profesión. *In re* Contreras Moreno, 204 DPR Ap. (2020); *In re* Chévere Mouriño, 2020 TSPR 20, 203 DPR Ap. (2020); *In re* López Pérez, 201 DPR 123, 126 (2018). Según hemos sostenido previamente, "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad". *In re* Padial Santiago, *supra* (citando a *In re* Soto Rivera, 198 DPR 421, 426 (2017)).

Los abogados tienen la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en RUA. Véase Regla 9(j) de nuestro Reglamento, 4 LPRA AP. XXI-B. Según hemos señalado, el fiel cumplimiento de esta obligación reglamentaria garantiza el ejercicio eficaz de nuestro deber de velar porque los miembros de la profesión legal cumplan con sus deberes ético-profesionales, de manera que atiendan con prontitud y

diligencia las comunicaciones que éstos reciban. *In re* Padial Santiago, *supra; In re* Pratts Barbarossa, 199 DPR 594 (2018); *In re* López Méndez, 196 DPR 956, 962 (2016). De este modo, un miembro de la profesión legal obstaculiza el ejercicio de nuestra jurisdicción disciplinaria cuando incumple con su deber de mantener al día sus datos personales en RUA. *In re* Padial Santiago, supra; *In re* Arroyo Rosado, 191 DPR 242 (2014). De ahí que, el incumplimiento con lo ordenado podría conllevar la imposición de sanciones en su contra, con inclusión de la separación inmediata e indefinida del ejercicio de la abogacía. *In re* Contreras Moreno, *supra; In re* Padial Santiago, *supra; In re* Pratts Barbarossa, *supra.*

**III**

Lamentablemente, nos encontramos ante otro miembro de la profesión legal que ha hecho caso omiso a los requerimientos de este Foro y que, además, ha fallado en mantener al día su información personal de contacto en RUA. El Tribunal de Primera Instancia, Sala Superior de Bayamón, descansó en la dirección que surge de RUA. Sin embargo, la *Notificación de Asignación de Abogado de Oficio* que se le remitió al letrado fue devuelta por el correo postal.

Una vez referido el asunto a este Foro, se realizaron múltiples gestiones para localizar al licenciado Corretjer Roses, pero todas resultaron infructuosas. De igual forma, el letrado incumplió con nuestra *Resolución* del 28 de enero de 2022 mediante la cual concedimos un término para que

mostrara causa por la que no debía ser suspendido del ejercicio de la profesión legal. En definitiva, la conducta del licenciado Corretjer Roses constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.

**IV**

En vista de los incumplimientos señalados, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. César R. Corretjer Roses. Le ordenamos al señor Corretjer Roses que notifique a todos sus clientes de su inhabilidad para continuar representándolos y que devuelva tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Igualmente, deberá informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Dichas gestiones deberán ser notificadas a este Tribunal dentro de un término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia al señor Corretjer Roses por correo certificado con acuse de recibo a las últimas direcciones conocidas de éste.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

|                          |         | Conducta    |
|                          |         | Profesional |
| César R. Corretjer Roses | TS-6720 |             |

SENTENCIA

En San Juan, Puerto Rico a 16 de marzo de 2022.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. César R. Corretjer Roses del ejercicio de la abogacía.

El señor Corretjer Roses deberá notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos y devolver tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes y acreditar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente por correo certificado con acuse de recibo a las últimas direcciones conocidas.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

Bettina Zeno González
Secretaria del Tribunal Supremo Interina