EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br><br>Carlos L. González Reyes | 2023 TSPR 67<br><br>212 DPR ___ |

Número del Caso:  TS-7,445

Fecha:  9 de mayo de 2023

Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento con las órdenes del Tribunal Supremo y no mantener actualizados sus datos en el Registro Único de Abogados y Abogadas.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carlos L. González Reyes

TS-7445          Conducta
                 Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 9 de mayo de 2023.

Una vez más reafirmamos que los miembros de la profesión legal tienen la obligación de responder con premura nuestros requerimientos y de mantener al día su información personal de contacto. Así pues, hoy ejercemos nuestra facultad disciplinaria para suspender inmediata e indefinidamente del ejercicio de la abogacía a un miembro de la profesión legal por su continuo incumplimiento con las órdenes de este Tribunal y por no tener al día sus datos personales en el Registro Único de Abogados y Abogadas (RUA). Veamos.

I

El Lcdo. Carlos L. González Reyes (abogado o letrado) fue admitido al ejercicio de la abogacía el

11 de mayo de 1982 y prestó juramento como notario el 6 de julio de 1982. Posteriormente, el licenciado González Reyes fungió como Juez de Distrito, por lo cual cesó sus funciones notariales el 30 de noviembre de 1988. El 19 de julio de 1996, el letrado presentó una solicitud de readmisión al ejercicio de la notaría, la cual fue autorizada mediante una *Resolución* emitida el 22 de julio de 1996. Luego, mediante una carta del 7 de mayo de 2020, el abogado informó su intención de cesar voluntariamente al ejercicio de la notaría, **ya que se trasladaría a residir fuera de Puerto Rico**. De esta forma, mediante una *Resolución* emitida el 31 de agosto de 2020, autorizamos su cesación del ejercicio de la notaría.

El 6 de septiembre de 2019, la Sra. Melanie González Torres presentó una queja ante este Tribunal en contra del licenciado González Reyes y el Sr. Armando A. Cardona Estelritz.[1] Específicamente, sostuvo que el licenciado González Reyes estaba facilitando que el señor Cardona Estelritz ejerciera la práctica de la abogacía en un caso ante el Tribunal de Primera Instancia, Sala Superior de Carolina, a pesar de que este último se encontraba desaforado desde el 13 de diciembre de 2018.

Así las cosas, mediante una comunicación escrita del 23 de noviembre de 2022, la Secretaría de este Tribunal le

---

[1]   Queja AB-2022-0232.

concedió al letrado un término de diez (10) días para que presentara su contestación a la referida queja. No obstante, el abogado no compareció. Así pues, el 3 de enero de 2023, se le concedió un término adicional de diez (10) días para que sometiera su contestación. En ambas instancias se le apercibió al licenciado González Reyes que, de no comparecer en el término provisto, el asunto sería referido ante nuestra atención para la acción correspondiente, lo cual podría incluir la posible imposición de sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión.

Transcurrido el último término concedido sin que el letrado compareciera, el 9 de febrero de 2023 emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requerimientos de este Tribunal. Tras la incomparecencia del abogado, el 10 de marzo de 2023 emitimos una *Resolución* mediante la cual le concedimos un término final de diez días (10) para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión legal por incumplir con nuestras órdenes. Igualmente, ordenamos que se le notificara dicha *Resolución* personalmente al abogado.

Así el trámite, mediante una comunicación del 28 de marzo de 2023 y presentada el 5 de abril de 2023, la Oficina de

Alguaciles de este Tribunal nos informó que dos (2) alguaciles acudieron a la dirección del licenciado González Reyes. En particular, se nos comunicó que cuando llegaron al lugar, la propiedad se encontraba cerrada. Luego de investigar en un laboratorio que se encontraba ubicado en el mismo edificio, recibieron la información de que la oficina del letrado había cerrado hacía varios años.

Por otra parte, cuando los alguaciles acudieron a la segunda dirección provista, la persona que se encontraba en el lugar indicó que le compró la residencia al abogado hacía cuatro (4) años. De igual forma, una vecina informó que el licenciado González Reyes se mudó a otro lugar en Estados Unidos. Además, los alguaciles mencionaron que intentaron comunicarse con el letrado por teléfono, mas los esfuerzos resultaron infructuosos. Finalmente, sostuvieron que, el 28 de marzo de 2023, contactaron al señor Cardona Estelritz, quien aseveró que lo último que supo del abogado era que se encontraba en Carolina del Norte.

Hasta el momento, el licenciado González Reyes no ha comparecido ante este Tribunal.

## II

Como es conocido, todo abogado debe observar rigurosamente los requerimientos de este Tribunal en el ejercicio de la profesión legal. *In re* Padial Santiago, 203 DPR Ap. (2019); *In re* Aguilar Gerardino, 202 DPR 586, 590-591 (2019); *In re* Padilla García, 199 DPR Ap. (2018).

Este precepto surge del Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, el cual requiere que la conducta de todo profesional del derecho refleje el mayor respeto hacia los tribunales.

Según hemos manifestado, menospreciar los requerimientos de este Tribunal representa una crasa violación al citado canon y constituye causa suficiente para la imposición de sanciones disciplinarias severas como la separación indefinida de la profesión. *In re* Contreras Moreno, 204 DPR Ap. (2020); *In re* Chévere Mouriño, 203 DPR Ap. (2020); *In re* López Pérez, 201 DPR 123, 126 (2018). Por consiguiente, "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad". *In re* Padial Santiago, *supra* (citando a *In re* Soto Rivera, 198 DPR 421, 426 (2017)).

Por otro lado, todos los miembros de la profesión legal tienen la obligación de mantener al día sus datos personales y realizar cualquier cambio en la información que consta en RUA. Véase Regla 9(j) de nuestro Reglamento, 4 LPRA Ap. XXI-B. Como es conocido, el fiel cumplimiento con esta obligación reglamentaria favorece el ejercicio eficaz de nuestro deber de velar porque los miembros de la profesión legal cumplan con sus deberes ético-profesionales, tal como atender con prontitud y diligencia las comunicaciones que éstos reciban. *In re* Corretjer Roses, 208 DPR Ap. (2022);

*In re* Padial Santiago, *supra*; *In re* Pratts Barbarossa, 199 DPR 594, 599 (2018); *In re* López Méndez, 196 DPR 956, 962 (2016). De este modo, un miembro de la profesión legal obstaculiza el ejercicio de nuestra jurisdicción disciplinaria cuando incumple con su deber de mantener al día sus datos personales en RUA. *In re* Corretjer Roses, *supra*; *In re* Padial Santiago, *supra*; *In re* Arroyo Rosado, 191 DPR 242, 246 (2014). Por lo tanto, este incumplimiento podría conllevar la imposición de sanciones en su contra, incluyendo la separación inmediata e indefinida del ejercicio de la abogacía. *In re* Corretjer Roses, *supra*; *In re* Contreras Moreno, *supra*; *In re* Padial Santiago, *supra*.

## III

Como surge de los hechos reseñados, el licenciado González Reyes ha ignorado reiteradamente los requerimientos de este Tribunal, a pesar de las diferentes oportunidades que le han sido concedidas. Según mencionáramos, no podemos tomar livianamente esta actitud de total desatención e indiferencia. Por otro lado, las múltiples gestiones efectuadas por la Oficina de Alguaciles de este Foro para contactar al letrado no han dado resultados. En ese sentido, es evidente que el abogado también ha faltado a su obligación reglamentaria de mantener actualizada su información personal de contacto en RUA.

El comportamiento del licenciado González Reyes, sin lugar a dudas, denota un claro menosprecio a nuestra

autoridad e implica una crasa violación al Canon 9 del Código de Ética Profesional, *supra*. El patrón de desidia desplegado por el letrado demuestra su falta de interés en continuar ejerciendo la profesión legal. Por lo tanto, procede decretar su suspensión inmediata e indefinida del ejercicio de la abogacía.

**IV**

En vista de los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del Lcdo. Carlos L. González Reyes del ejercicio de la abogacía. Por consiguiente, se ordena el archivo administrativo de la Queja AB-2022-0232 en cuanto a éste, hasta tanto dispongamos otra cosa.

El señor González Reyes deberá notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, tendrá que informar inmediatamente de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en los que tenga algún asunto pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera

conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carlos L. González Reyes          TS-7445          Conducta
                                                    Profesional

SENTENCIA

En San Juan, Puerto Rico, a 9 de mayo de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Carlos L. González Reyes del ejercicio de la abogacía. Por consiguiente, se ordena el archivo administrativo de la Queja AB-2022-0232 en cuanto a éste, hasta tanto dispongamos otra cosa.

El señor González Reyes deberá notificar a todos sus clientes sobre su inhabilidad para continuar representándoles y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no realizados. De igual manera, tendrá que informar inmediatamente de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en la que tenga algún asunto pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.  Los Jueces Asociados señor Rivera García y señor Estrella Martínez no intervinieron.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo